NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSSELL K. HUNT, | No. 18-16064 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-01564-JKS |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Former California state prisoner Russell K. Hunt appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and, reviewing de novo, *see Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We first reject the government's argument that Hunt's unconditional release from custody deprives this court of jurisdiction over his habeas petition. There is an irrefutable presumption that collateral consequences flow from a criminal conviction, and a habeas petitioner's timely challenge to his criminal conviction therefore "continues to present a live controversy" even after the petitioner is unconditionally released from custody. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).

Turning to the merits, Hunt argues that there was insufficient evidence to support a finding that he made a credible threat with intent to place the victim in fear for her or her family's safety, as is required for California state convictions for stalking and stalking with a court order in effect. *See* Cal. Penal Code § 646.9(a) and (b). We are not persuaded. The evidence at trial showed that Hunt engaged in an escalating pattern of behavior over a period of years, contacting his victim in increasingly intrusive and threatening ways, continuing to do so even after repeatedly being asked to stop, tracking her down after she moved, and continuing to contact her after she obtained a temporary restraining order against him. Especially given Hunt's history of having restraining orders obtained against him by two previous victims, and viewing the evidence "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a rational jury could have found that, even without a direct or overt threat, Hunt's pattern of

behavior amounted to a credible threat made with intent to place the victim in fear for her or her family's safety. The California Court of Appeal's conclusion that there was sufficient evidence to convict Hunt of stalking and stalking with a court order in effect did not involve an objectively unreasonable application of *Jackson*. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *see also* 28 U.S.C. § 2254(d).

We deny Hunt's motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

18-16064